IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORY HILARIO<br>    Plaintiff | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 20-CV-1064 <br> : |
| JEFFREY L. SCHMEHL, *et al.*<br>    Defendants | : <br> : |

## MEMORANDUM

**PRATTER, J.**                                                                                                                                                               **OCTOBER 26, 2020**

Plaintiff Cory Hilario, an inmate incarcerated at the Federal Correctional Complex in Allenwood, Pennsylvania, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on allegations that he was illegally prosecuted, convicted and imprisoned. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Hilario leave to proceed *in forma pauperis* and dismiss the Complaint as legally baseless pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as discussed further below.

## I.    FACTUAL ALLEGATIONS[1]

Mr. Hilario's claims are predicated on a federal criminal proceeding presided over by the Honorable Jeffrey L. Schmehl. *United States v. Hilario*, Crim. A. No. 18-161-1 (E.D. Pa.). On April 18, 2018, Mr. Hilario was charged in a one-count indictment with possession with the intent to distribute fifty-nine grams of crack. *Id.* (ECF No. 1). Thereafter, a bench warrant

---

[1] The following facts are taken from the Complaint, exhibits to the Complaint, and public records, which the Court may consider in evaluating Mr. Hilario's claims. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

issued for Mr. Hilario's arrest; Mr. Hilario was detained at the Lehigh County jail at the time. *Id.* (ECF No. 3). On April 23, 2018, Mr. Hilario was arrested, transferred to federal custody, and appeared at a hearing before a magistrate judge at which he pled not guilty and stipulated to pretrial detention. *Id.* (ECF No. 4 & 14).

Mr. Hilario ultimately pled guilty and was sentenced to a term of 96 months of imprisonment to be followed by a five-year term of supervised release. *Id.* (ECF No. 28.) His plea agreement contains a waiver of his right to appeal or collaterally attack his sentence. *Id.* (ECF No. 22 at 7-8). Mr. Hilario neither appealed nor filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Mr. Hilario's pending Complaint names the following Defendants: (1) Judge Schmehl; (2) William M. McSwain, the United States Attorney for the Eastern District of Pennsylvania; (3) A.J. Follmer; (4) Robert C. Eckert; (5) Joseph A. Petrarca; (6) Denise S. Wolf; and (7) Jerome M. Maiatico. The gist of Mr. Hilario's claims is that his prosecution was unlawful because of defects in his indictment and because various documents were withheld from him and/or not entered on the docket, which undermined his ability to prepare his defense and the integrity of the proceeding. He contends that he is "actually innocent" and has been illegally incarcerated. (ECF No. 1 at 1.)

Specifically, Mr. Hilario contends that the following items either were not disclosed to him or are not evident on his criminal docket:

- "All indictments upon which a conviction were [sic] based – duly endorsed by a grand jury foreperson and United States Attorney, or colloquy of indictment waivers in open court;"

- "Warrant of arrest;"

- "Certified copy of plea deal;"

- "Affidavit of criminal complaint;"
- "Arrest warrant or summons upon complaint;"
- "Letter of Certificate of Concurrence;"
- "Affidavit of probable cause hearing;" and
- "Grand jury transcripts, ballot, and/or record for inspection."

(*Id.* at 3.) According to Mr. Hilario, the defendants conspired to manipulate these documents or conceal them from him in violation of his constitutional rights. (*Id.*) He also contends that defects in the indictment deprived the federal court of jurisdiction to convict him. (*Id.*)

Mr. Hilario alleges that the defendants are "legally responsible" for "affecting his liberty interest to be free from prosecution without probable cause, and for placing him in custody unlawfully." (*Id.* at 1-2.) He seeks nominal, compensatory, and punitive damages, immediate release from custody, and declaratory relief. (*Id.* at 2.) In particular, he asks this Court to determine "whether the government even had probable cause to arrest him, subject-matter jurisdiction over him, an indictment which is facially 'fair' standing upon the requirements of the constitution, and whether withholding these documents, if they exist, until after the conviction is a due process violation." (*Id.* at 2.)

Mr. Hilario attached several documents to his Complaint as exhibits, including: the last page of his indictment, (*id.* at 10); a Freedom of Information Act request he filed with the Department of Justice for the documents in question, (*id.* at 11-13); a copy of his plea agreement (*id.* at 14-28); portions of a motion to proceed *in forma pauperis* and FOIA complaint he filed in the United States District Court for the District of Columbia against President Trump and various Department of Justice officials, (*id.* at 24-31 & 35-37), which was dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim, *see Hilario v. Trump*, D.D.C. Civ. A. No. 20-162

(Mar. 10, 2020 Memorandum and Order); and a post-conviction motion he filed in his criminal case for disclosure of the documents in question, (ECF No. 1 at 32-34), which was denied. *See United States v. Hilario*, Crim. A. No. 18-161-1 (E.D. Pa.) (ECF Nos. 30 & 32.)

## II. STANDARD OF REVIEW

The Court grants Mr. Hilario leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Because Mr. Hilario is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

To the extent Mr. Hilario alleges he was prosecuted and detained without probable cause, his claims are best construed as Fourth Amendment malicious prosecution claims. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (explaining that the tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process"); *Noviho v. Lancaster Cty. of Pa.*, 683 F. App'x 160, 166 (3d Cir. 2017) (per curiam) ("Arrests made pursuant to a 'validly issued—if not validly

---

[2] However, because Mr. Hilario is a prisoner, he is obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

supported—arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)). The Court also understands Mr. Hilario to be alleging that his conviction is unlawful because it was procured without affording him due process. However, Mr. Hilario's claims are not cognizable in a *Bivens* action.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," although § 2241 may be used when the remedy provided by § 2255 is "inadequate or ineffective." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). In other words, a § 2255 motion is the proper way to challenge a federal conviction, rather than a *Bivens* action. *See Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("Okoro adhered steadfastly to his position that there were no drugs, that he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit, other than a suit under the habeas corpus statute or its federal-defendant equivalent, 28 U.S.C. § 2255."); *Beverly v. Reno*, 23 F.3d 158, 159 (7th Cir. 1994) (federal prisoner cannot circumvent § 2255 "by bringing an independent civil action"); *see generally Ziglar v. Abbasi*, 137 S. Ct. 1843, 1863 (2017) ("[W]hen alternative methods of relief are available, a *Bivens* remedy usually is not."). The Court will not construe Mr. Hilario's Complaint as such a motion because the sentencing judge is in a better position to determine the enforceability of the waiver in Mr. Hilario's plea agreement and the validity of any challenges to his conviction.

Furthermore, assuming a *Bivens* remedy exists in this context, the Supreme Court has held that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

5

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)); *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action"). "Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims." *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008).

Here, success on Mr. Hilario's claims would necessarily undermine the validity of his intact conviction because his Complaint challenges the constitutionality of his prosecution, conviction and related imprisonment. Accordingly, his claims for damages and declaratory relief, assuming such relief is even available, are barred by *Heck*. *See Garrett v. United States*, 771 F. App'x 139, 141 (3d Cir. 2019) (per curiam) ("Here, because Garrett's claims directly challenged the validity of his federal conviction and sentence—which have not been invalidated—his complaint sought the sort of relief that is plainly barred by *Heck*." (internal quotations omitted)); *Murphy v. Bloom*, 443 F. App'x 668, 669 (3d Cir. 2011) (per curiam) (holding that *Heck* barred *Bivens* claims where plaintiff "alleged that the defendants conspired to alter his trial transcript and to include a false declaration in his sentencing memorandum"); *Stuler*

*v. United States*, 301 F. App'x 104, 106 (3d Cir. 2008) (per curiam) (*Heck* applied in *Bivens* action in which the bulk of plaintiff's complaint was "little more than a thinly veiled attempt to attack his criminal conviction . . . under the guise of a civil action"). In sum, Mr. Hilario has not alleged a cognizable basis for a *Bivens* claim.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Hilario leave to proceed *in forma pauperis* and dismiss his Complaint as legally baseless, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Although leave to amend would be futile, the Court will dismiss Mr. Hilario's challenges to his conviction without prejudice to him filing a § 2255 motion in his criminal case, and will dismiss his remaining claims without prejudice to reassertion in a new civil action only in the event his conviction is reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

GENE E.K. PRATTER, J.

---

[3] There are other reasons why Mr. Hilario's claims fail. Notably, judges are entitled to absolute immunity from liability based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Similarly, prosecutors are entitled to absolute immunity from liability for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). However, the Court need not address these or other defects in Mr. Hilario's Complaint as alternative reasons for dismissal.